Bartlett, J.
—Letters of administration on the estate of Michael Collins were originally issued to Mary Collins, his sister. The present proceeding was instituted by the petitioner, who claims to be the widow of the decedent, to have the letters to the sister revoked and to have herself appointed administratrix. Her right to the relief which she sought depended upon whether she had ever become the lawful wife of Michael Collins. The evidence satisfied the learned surrogate that this question should be answered in the affirmative, but we have been unable to reach the same conclusion. On the contrary, we-think the testimony of the petitioner herself shows that there was never any legal marriage.
There is no pretence that any marriage ceremony was performed between the parties. They seem to have come together about 1873, and to have entered into illicit relations which resulted in the birth of a girl in 1874. In 1875, according to the testimony of the petitioner, there was a non ceremonial mar *1001 riage between them, which she distinctly declares was her only marriage to Collins. The parties alone were present on this occasion. Assuming her statement in regard to this occurrence to be perfectly true, there is an insuperable obstacle to a recognition of the validity of the alleged marriage. Collins was already a married man, whose wife was then living, and whose wife continued to live until in or about the summer of 1876, when she died. If there were proof of a marriage between the petitioner and the decedent after the death of the wife, the case would be very different; but, as we have seen, the only marriage which is alleged ever to have taken place is clearly fixed at an earlier date. It nowhere appears that after Collins had become free to marry he actually did enter into a contract of marriage with the petitioner; and any inference that he may have done so is precluded by her own explicit declaration that her only marriage was in 1875.
The petitioner gave birth to a second child, of which the decedent appears to have been the father, and it is argued that the non-ceremonial marriage of the petitioner with Collins was contracted after his wife had died and before this boy was born. The petitioner testified that Collins gave her a wedding ring which he bought before the birth of her last child; that he put it on her finger and said: “You are my wife." The latter statement was stricken out on motion of counsel for the appellant; but assuming that the testimony was both admissible and true, it does not benefit the petitioner so far as her legal status in this proceeding is concerned; for while she did not attempt to fix the date of the gift of the ring further than to say that it was prior to the birth of her second child, she also said her only marriage with the decedent was in July, 1875, which was a date falling between the births of the two children, but anterior to the death of the lawful wife of Collins. This, then, must have been the occasion when she received the ring. Indeed, there are strong reasons for believing that the second child of the petitioner was born before the wife of Collins died. It is true that at first the petitioner fixed February, 1877, as the date of the birth of this boy; but she made other statements which render it extremely probable that he was born in the winter or spring of 1876. She testified that there was a difference of fourteen months between the children, and fixed the date of the birth of her first child as November 14, 1874. The second child, therefore, must have been born about January, 1876. He died on January 19, 1879, and the certificate of death filed in the sanitary bureau of the health department, and put in evidence by the petitioner herself, states the age of the deceased to have been two years and nine months, which would place his birth in April, 1876. According to the findings of the surrogate, the lawful wife of Collins did not die until the summer of that year, so that if the boy was born in January or in April, 1876, it was at a time when the true wife was still living; and there is no claim that a marriage of any kind took place between Collins and the petitioner after the birth of this boy.
The record contains other confirmatory testimony which tends strongly to show that the petitioner is not the widow of the decedent, but the proof already considered seems so conclusive that we do not deem any further discussion of the evidence necessary.
The decree appealed from must be reversed.
Van Brunt, P. J., and Macomber, J., concur.